UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

    Plaintiff,

v.                                            Case No.:   2:23-cv-204-SPC-KCD

ELIZABETH PORTER, JON P. CARNER, WELLPATH RECOVERY SOLUTIONS, LLC, DEPARTMENT OF CHILDREN & FAMILY, SEXUAL VIOLENT PREDATOR PROGRAM, DONALD SAWYER, EMILY SALEMA, BRIAN LIEBEL, MELINDA MASTERS, MARY MONSALUD, JOHN DOE HERRERA, JACQUES P. LAMOUR, C JONES, CORRECT CARE RECOVERY SOLUTIONS, DEPARTMENT OF CHILDREN & FAMILY SERVICES, SUBSTANCE ABUSE PROGRAM, GEO GROUP, INC., WELLPATH RECOVERY SOLUTIONS and EDWIN HERRERA,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Rayvon Boatman's Amended Complaint (Doc. 30). Boatman is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he brings this 42 U.S.C. § 1983 against a slew of people and entities associated with the FCCC. United States

Magistrate Judge Kyle Dudek granted Boatman leave to proceed *in forma pauperis*, so the Court reviewed Boatman's original complaint to determine whether it was frivolous or malicious, failed to state a claim, or sought monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also* Doc. 23 (describing the standards applicable to § 1915(e)(2) review).

The Court dismissed the original complaint because it was a shotgun pleading and instructed Boatman to correct the deficiencies. Boatman's Amended Complaint is a modest improvement, but it is still a shotgun pleading. All the Court could construe from the original complaint was that Boatman was unhappy with the FCCC's handling of the COVID-19 pandemic, and that he became infected with the virus at some point. A few details emerge from the Amended Complaint. Boatman alleges FCCC administration increased his risk of illness by transferring him to different dorms in the facility, and he complains that staff is not required to wear masks. But like his original complaint, Boatman's Amended Complaint is replete with vague, conclusory, and immaterial claims.

The complaint does not give the defendants fair notice of the claims against them, and the defendants cannot be expected to answer Boatman's incomprehensible allegations. The Court will give Boatman one more chance to file a complaint that complies with federal pleading standards. The second

amended complaint must include a <u>short and plain</u> statement showing that Boatman is entitled to relief, and it must give each defendant fair notice of the claim(s) asserted against him or her. Boatman must clearly state how the conduct of each individual defendant harmed him.

Boatman's attempt to commence an overly broad action appears to be one reason he has been unable to draft a coherent complaint. Multiple claims cannot be joined together in a single action if they did not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While Boatman's allegations generally revolve around COVID-19, they do not appear related in time and place. In his second amended complaint, Boatman must focus on a single transaction or occurrence. If Boatman wants to pursue multiple unrelated claims, he must file them in separate complaints.

Accordingly, it is now

**ORDERED:**

Plaintiff Rayvon Boatman's Amended Complaint (Doc. 30) is **DISMISSED without prejudice**. Boatman may file a second amended complaint within **21 days** of this Order. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 25, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4