UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

    Plaintiff,

v.                                Case No.:   2:23-cv-204-SPC-KCD

DONALS SAWYER, et al.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Rayvon Boatman's Second Amended Complaint (Doc. 34). Boatman is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he brings this 42 U.S.C. § 1983 against a slew of people and entities associated with the FCCC.[1] United States Magistrate Judge Kyle Dudek granted Boatman leave to proceed *in forma pauperis*, so the Court reviewed Boatman's original complaint to determine whether it was frivolous or malicious, failed to state a claim, or sought monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also* Doc. 23 (describing the standards applicable to § 1915(e)(2) review).

---

[1] The Court cannot tell precisely who Boatman intends to sue because the list of defendants in the caption of his complaint does not match the list of defendants in the body.

The Court dismissed the original complaint because it was a shotgun pleading and instructed Boatman to correct the deficiencies. Boatman's Amended Complaint was a modest improvement, but it was still a shotgun pleading, as it was replete with vague, conclusory, and immaterial claims. The Court gave Boatman a third opportunity to file a complaint that complies with federal pleading standards and instructed him—for a second time—that his pleading "must include a short and plain statement showing that Boatman is entitled to relief, and it must give each defendant fair notice of the claim(s) asserted against him or her." (Doc. 31). The Court also cautioned Boatman that his amended complaint was overly broad and instructed him to focus on a single transaction or occurrence.

Boatman ignored the Court's instructions when preparing the Second Amended Complaint. In fact, Boatman made few changes other than adjusting the formatting. Boatman failed to correct the defects that made his prior complaints incomprehensible shotgun pleadings. His Second Amended Complaint is still replete with the same vague, conclusory, and immaterial claims. It does not give defendants fair notice of the claims against them. As the Court explained in its first dismissal order, shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d

1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

The Court gave Boatman two opportunities to correct the deficiencies in his pleading and gave him specific instructions on how to do so. Boatman squandered those opportunities and ignored the Court's advice. The Court finds that a third amended complaint would be futile.

Accordingly, it is now

**ORDERED:**

Plaintiff Rayvon Boatman's Second Amended Complaint (Doc. 34) is **DISMISSED without prejudice**. The Clerk is **directed** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3